STATE OF HAWAI`I, Plaintiff-Appellee,
v.
DAVID MORTENSEN, Defendant-Appellant
No. 28776
Intermediate Court of Appeals of Hawaii.
September 15, 2008.
On the briefs:
Beau J. Bassett, Deputy Public Defender, for Defendant-Appellant.
Glenn H. Shiigi, Deputy Prosecuting Attorney, County of Hawaii for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and LEONARD, JJ.
Defendant-Appellant David Mortensen (Mortensen) appeals from the Judgment filed on September 6, 2007 in the District Court of the Third Circuit, North and South Hilo Division (district court).[1]
At the conclusion of a bench trial, the district court found Mortensen guilty of Cruelty to Animals, in violation of Hawaii Revised Statutes (HRS) § 711-1109 (1993 & Supp. 2006).[2]
On appeal, Mortensen contends (1) the district court erred in finding that he possessed the requisite state of mind, (2) the district court erred in convicting him under HRS § 711-1109 (1) (b)[3] because the deceased animal fell under the statute's "other pests" exception, and (3) the State of Hawaii (State) did not prove that he acted without need when he shot in the direction of the animal.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Mortensen's appeal is without merit.
Under HRS § 711-1109(b), the State needed to prove that Mortensen recklessly killed an animal without need.
There is no dispute that Mortensen fired a shot from his pellet gun toward/at a cat that was later found with a fatal wound. Dr. Rodrigues, the veterinarian who confirmed the cat's death, testified that he believed it was possible for a cat to sustain a fatal injury from a BB gun or air rifle, depending upon where the wound was. Mortensen was aware that the cat was within the range of his pellet gun. Firing a pellet gun in the direction of a group of cats within the known range of such a gun undeniably "involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation." HRS § 702-206(3)(d) (1993) (Definition of reckless state of mind). This provided substantial evidence that Mortensen recklessly shot and killed a cat.
Although Dr. Rodrigues did not offer an opinion as to what caused the wound the cat died from and did not testify that he had recovered any type of object or projectile from the body of the cat, the proximity in time and location of the cat to the shooting incident and the evidence presented by Dr. Rodrigues' post-mortem evaluation of the cat provided substantial evidence that Mortensen's action in firing the pellet gun in the direction of the cat was the cause of its death.
HRS § 711-1109(b) provides an exception for killing animals that are considered "insects, vermin, or other pests." However, the legislature clearly did not intend that a cat would be considered vermin or a "pest" within the exception in HRS § 711-1109(b). HRS § 711-1100 (Supp. 2006) defines a cat as a "pet animal."
"Pet animal" means a dog, cat, rabbit, guinea pig, domesticated rat or mouse, or caged birds (passeriformes, piciformes, and psittaciformes only).
In this case, the cat that was killed was in fact, as well as by definition, a "pet animal." The cat's owner testified that the cat had been his pet for four years and referred to the cat by name.
HRS § 711-1109(b) provides an exception to the prohibition of killing an animal if there is a "need" to kill the animal.
The State presented substantial evidence that the killing of the cat was "without need." See HRS § 711-1109(b). On cross-examination by the State, Mortensen admitted that the cats he shot toward never presented a physical danger to him and the cats were some thirty or forty feet from him when he fired in their direction. Mortensen did testify that he had health concerns for his family because of excrement, vomit, and hair balls left by the cats in his neighborhood and on his property. However, he could not explain why he needed to create the substantial risk of killing a cat by firing his pellet gun in its direction on the day of the incident. Mortensen testified that he did not call the Humane Society or police on the day of the shooting, although on previous occasions he had called the Humane Society and used traps to control and capture stray cats on his property without killing the animals. Mortensen's own testimony provided substantial evidence that he was "without need" to risk the use of deadly force against the cat(s). The district court summed up its view on the issue of need as follows:
There is a humane society, there's a police department, there's a county counsel. There are all kinds of things you can do short of allegedly shooting a cat.
Considering the evidence in the strongest light for the State, as we must on appeal, there was substantial evidence presented at trial to support the conclusion of the district court. State v. Eastman, 81 Hawaii 131, 135, 913 P.2d 57, 61 (1996).
Therefore,
The Judgment filed on September 6, 2007 in the District Court of the Third Circuit, North and South Hilo Division, is affirmed.
NOTES
[1] The Honorable John P. Moran presided.
[2] HRS § 711-1109 provides in relevant part:

§711-1109 Cruelty to animals. (1) A person commits the offense of cruelty to animals if the person intentionally, knowingly, or recklessly:
. . . .
(b) Mutilates, poisons, or kills without need any animal other than insects, vermin, or other pests[.]
[3] The complaint did not charge Mortensen with a specific subsection of HRS § 711-1109, and the Judgment does not explicitly state under which subsection of HRS § 711-1109 Mortensen was convicted. It appears from the language of the Complaint that the State was charging him under HRS § 711-1109(1)(b).